**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

HARMANPREET SINGH,

Petitioner,

v. Case No. 2:26-cv-02703 KWR-GJF

WARDEN, *Otero County Processing Center*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso, U.S. Immigration and Customs Enforcement,*
ACTING DIRECTOR*, Immigration and Customs Enforcement,*
TODD BLANCHE, *U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*,

Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is a non-citizen who has been detained by ICE since November 14, 2025. Petitioner received a bond hearing in April 2026 under 8 U.S.C. § 1226(a). Petitioner asserts that his prolonged detention violates due process. He requests release or a bond hearing. As explained below, Petitioner's Petition is not well-taken and therefore is **DENIED**. Petitioner has not demonstrated that the length of his detention violates his due process rights or entitles him to immediate release.

Petitioner is a citizen of India and is currently detained by ICE at the Otero County Processing Center. Petitioner entered the United States on August 8, 2023. He received a Notice to Appear and was released on his own recognizance pursuant to 8 U.S.C. § 1226(a). *See* Doc. 6-

1 at 2 (referencing release on an order of recognizance on a Form I-220A, which is a release under 8 U.S.C. § 1226(a)). Petitioner was subsequently detained on November 14, 2025 pursuant to a warrant. *See Singh v. Warden,* 2:26-cv-544 KWR-LF (D.N.M.), Doc. 5-2 at 1. A removal order was issued on June 4, 2026, and Petitioner appealed the removal order. The appeal of his removal order remains pending.

This is Petitioner's second habeas case. In his first habeas case, the Court granted the petition in part and ordered a bond hearing. *See Singh v. Warden,* 2:26-cv-544 KWR-LF (D.N.M.). On April 17, 2026, Petitioner received a bond hearing pursuant to 8 U.S.C. § 1226(a). The immigration judge denied bond and stated as follows in his written order: "Flight Risk: Speculative form of relief; manner of entry into the USA and recent entry (2023 and EWI); Lack of ties to the United States. Matter of Hurtado may still apply in his case." Doc. 6-2 at 1.

In this case, Petitioner asserts that his prolonged detention violates due process. Petitioner was detained in November 2025. But Petitioner received a bond hearing in April 2026. Petitioner received the remedy for prolonged detention, a bond hearing under § 1226(a). Petitioner has not carried his burden to show that his detention is prolonged and violates due process, or that he is entitled to another bond hearing or release. To be sure, some courts have held that noncitizens detained under § 1226(a) pending a decision on removal are entitled to a bond hearing after their detention becomes prolonged. The Second Circuit held that detainees are entitled to an *additional* bond hearing after their detention becomes prolonged. *Velasco Lopez v. Decker*, 978 F.3d 842, 854 (2d Cir. 2020). On the other hand, the Third and Ninth Circuits found that § 1226(a) did not entitle the petitioner to an *additional* bond hearing after detention becomes prolonged. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018); *Rodriguez Diaz v.*

*Garland*, 53 F.4th 1189, 1213–14 (9th Cir. 2022).[1] The Court need not decide which line of cases to follow.[2] Here, Petitioner received a bond hearing less than six months ago, and therefore he has received the remedy for prolonged detention. Petitioner has not demonstrated that he is entitled to release. Notably, in the cases above the remedy contemplated was an additional bond hearing. Petitioner has not asserted that any request for another bond hearing was denied.

Alternatively, Petitioner has not demonstrated how his detention is prolonged in violation of due process. Petitioner summarily asserts a due process claim, but does not analyze his claim or submit authority in support of his claim. Considering the burden of proof as well as principle of party presentation, the Court declines to adjudicate a due process claim *sua sponte* without briefing by the parties. Petitioner bears the burden of proof of showing that he is entitled to relief or a remedy. *See* 28 U.S.C. § 2241; *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding, "[t]he burden of proof was upon the petitioner to sustain these allegations."); *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States' " under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed material evidence favorable" to the petitioner); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135 (W.D.N.Y. 2021) (in § 2241 proceeding

[1] The Court notes that these decisions were fact-dependent, and the opinions generally did not rule out finding prolonged detention under different factual circumstances.
[2] Alternatively, the Court would follow *Borbot* and *Rodriguez*.

challenging his immigration detention, petitioner bears burden of proving by preponderance of evidence that he is detained contrary to law).

Petitioner is also responsible for asserting his own arguments and claims, and the Court is not required to argue on his behalf or act as his counsel. *See, e.g., United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants) (quoting *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir.1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. [The court] will not do his research for him."); *see also* D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced."). These principles apply even where a party is pro se. Although pro se pleadings should be construed liberally, a district court may not act as a pro se party's advocate, advancing arguments or facts on their behalf. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant."). Moreover, pro se parties must comply with the same procedural rules and law as counseled parties. *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994). Here, Petitioner failed to carry his burden to show a due process violation for prolonged detention.

Alternatively, Petitioner asserts that his detention is unreasonable, which may be a substantive due process claim. Petitioner has substantive due process rights. *Rodriguez-Fernandez*

*v. Wilkinson*, 654 F.2d 1382, 1387 (10th Cir. 1981) ("[A]n excluded alien in physical custody within the United States may not be 'punished' without being accorded the substantive ... due process guarantees of the Fifth Amendment."). Respondents may violate a noncitizen's substantive due process rights if immigration detention becomes punitive. *Id.* Nevertheless, "the mere fact that a person is detained does not inexorably lead to the conclusion that the government has imposed punishment." *United States v. Salerno*, 481 U.S. 739, 746 (1987). A restriction on liberty is punitive rather than regulatory if (a) the government intends to impose punishment, or (b) the restriction is not rationally related to a legitimate nonpunitive governmental purpose or is excessive in relation to that purpose. *Id.* at 747.

In an unpublished decision, the Tenth Circuit held that a noncitizen detained for more than three years pending a decision on removal proceedings under § 1226(a) was not entitled to relief for indefinite detention under *Zadvydas*. *See Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012). It reasoned that the end of his detention remained reasonably forseeable because he was detained pending a decision on whether he was to be removed from the United States, and there was nothing in the record to suggest that the petitioner was unremovable. *Id.* Similarly, in a published case the Tenth Circuit rejected the application of *Zadvydas* to a petitioner who had a removal order with an appeal pending, explaining as follows:

> But for now, his detention is clearly neither indefinite nor potentially permanent like the detention held improper in *Zadvydas;* it is, rather, directly associated with a judicial review process that has a definite and evidently impending termination point, and, thus, is more akin to detention during the administrative review process, which was upheld in *Demore v. Kim,* 538 U.S. 510, 527–29, 531, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process.").

*Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004). Petitioner has not demonstrated that his detention is indefinite or his appeal of his removal order will not be processed.

Here, Petitioner's substantive due process claim fails. Petitioner has been detained for approximately ten months, and he does not present any facts suggesting that a decision on his removal will not occur, or that his detention is merely punitive. Petitioner was detained on or about November 14, 2025. A removal order was issued in June 2026, which Petitioner appealed. A bond hearing was held in April 2026. Petitioner has not demonstrated or presented evidence that his removal proceedings will not be adjudicated or processed. Therefore, it is clear that Petitioner is being detained pending a decision on his removal, not to merely punish him. Moreover, his detention is rationally related to the legitimate governmental purpose of adjudicating his removal and ultimately removing him from the country. Petitioner does not demonstrate how his detention is excessive in relation to its purpose. Based on the arguments and record before the Court, the Court declines to find that Petitioner's substantive due process rights have been violated based on the length of his detention pending a decision on his removal proceedings. Therefore, Petitioner's substantive due process claim fails.

Petitioner also summarily asserts that his due process rights were violated based on the manner of the revocation of his conditional parole. Respondents' records provide that Petitioner was released on recognizance pursuant to Form I-220A. Doc. 6-1 at 2. Form I-220A is a release on recognizance under INA § 236, which is codified under 8 U.S.C. § 1226(a). Therefore, it appears that Petitioner was ordered released on recognizance under § 1226(a), not § 1182(d)(5)(A). Respondents assert that Petitioner was subsequently arrested pursuant to a warrant. *See Singh v. Warden,* 2:26-cv-544 KWR-LF (D.N.M.), Doc. 5-2 at 1. Petitioner fails to explain how the manner of the revocation of his conditional parole violates due process, and as explained above, Petitioner bears the burden of proof and the Court declines to act as his attorney.

Alternatively, it appears that Petitioner's conditional parole under § 1226(a) was properly revoked pursuant to a warrant, which was served on Petitioner. For the reasons explained in *Paposhvili v. Mullin*, No. 2:26-CV-00961-KWR-GJF, 2026 WL 1816176 (D.N.M. June 24, 2026), which the Court incorporates herein, the Court rejects Petitioner's claim.

"On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). "The Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien." § 1226(b). As explained in *Paposhivili,* here Petitioner was appropriately detained pursuant to a warrant that was signed and served. *See Singh v. Warden,* 2:26-cv-544 KWR-LF (D.N.M.), Doc. 5-2 at 1. The warrant includes a certificate of service on Petitioner. Petitioner fails to explain how this was deficient notice.

Petitioner does not expressly raise a claim challenging whether his conditional parole was revoked following an individualized determination, and the Court does not *sua sponte* raise such a claim on his behalf.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DENIED.**

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE